Thomas Visgilio, Jr. *vs.* George W. Schoof.

MAY 27, 1954.

Present: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J. This action of the case in assumpsit was brought by the plaintiff to recover from the defendant money allegedly owed by him to repay loans made by the plaintiff. After a trial in the superior court a jury returned a verdict for the plaintiff in the sum of $8,698.76. The defendant's motion for a new trial was denied by the trial justice and the case is before this court on bills of exceptions prosecuted by both parties.

The plaintiff's bill of exceptions contains only one exception, namely, to the denial of his motion for a directed verdict. The defendant's bill of exceptions sets out fifteen exceptions but only certain of them have been briefed and argued. These are to the introduction in evidence of plaintiff's exhibit 1; to the denial of his motion for a directed verdict; to a certain portion of the charge to the jury; and to the denial of his motion for a new trial. It is settled that exceptions not briefed or argued are deemed to be waived.

It appears from the evidence that both parties lived in the town of Westerly in this state. The only witnesses were the plaintiff and one of his attorneys. The defendant did not take the stand. The testimony showed that between November 18, 1950 and March 22, 1951 plaintiff on seven occasions advanced to defendant various sums of money which totaled $12,287.76. The plaintiff had receipts for such sums, but no promissory notes were signed and no mortgages or security of any kind were given by defendant to plaintiff to cover the loans. At the time in question defendant was engaged in developing a plat of land upon

which he apparently expected to erect houses for general sale and he was also interested in an insurance business. He did not dispute the amount of the advances made by plaintiff.

By the end of March 1951 plaintiff "began to get suspicious" of defendant and thereafter, in the early summer of that year, consulted attorneys in order to recover the money he had advanced. Several meetings took place between the parties and their respective counsel. Eventually in the fall of 1951 defendant paid plaintiff $4,000, instead of $5,000 as expected by plaintiff, leaving still due the sum of $8,287.76. Thereafter, when plaintiff and his attorneys discovered that defendant was selling lots on the plat above mentioned, the instant suit was started by writ dated December 14, 1951.

The plaintiff's exhibit 1, which was admitted in evidence over defendant's objection, was a letter dated September 29, 1951 written by defendant's then attorney to plaintiff's attorneys. It contained in part the following language:

"This is to inform you that Mr. G. Willard Schoof has agreed to repay your client, Dr. Thomas Visgilio, all sums advanced to him, at his earliest convenience, thereby electing to treat the Doctor as a creditor instead of a partner.

As you probably know, Mr. Schoof is selling his insurance business to Louis Panciera for the sum of $14,000.00. There are quite a few accounts due companies with which Mr. Schoof has done business and which must be paid.

However, it appears that Mr. Schoof will be able to pay the Doctor $5,000.00 on account of his indebtedness and pay the Washington Trust Company $2,500.00 on account of note executed by the Doctor and him, out of the proceeds of this proposed sale.

Mr. Schoof will endeavor to pay the balance due the Doctor as [sic] his earliest convenience, and I am sure that suitable arrangements can be worked out between the parties."

■ The defendant argues that the letter was nothing more than an offer of compromise or settlement of the matters in issue between the parties and therefore that the ruling of the trial justice was erroneous. However, upon consideration we are of the opinion that the letter was more than a mere offer of compromise. It could be reasonably construed as in substance an admission by defendant, acting through his attorney, of liability to repay plaintiff the amount of his claim in a certain manner. As such an admission, it was properly allowed in evidence although its weight was to be determined in the first instance by the jury. The defendant's exception to the above ruling is therefore overruled.

The exception of each party to the ruling of the trial justice in refusing to grant his respective motion for a directed verdict will be considered together. While there was no dispute as to the amount of money plaintiff had advanced to defendant there was some vagueness and uncertainty as to when it was to be repaid. The defendant did not testify on that point and plaintiff's testimony in cross-examination was not entirely clear. However, the letter, plaintiff's exhibit 1, had a bearing on that issue. In denying each motion for a directed verdict the trial justice stated that in the circumstances he would leave to the jury the question of whether the money was due and payable by defendant at the time this action was brought. In our opinion that ruling was correct in view of all the evidence. Each party's exception to such ruling is without merit and is overruled.

■ The defendant also excepted to a portion of the charge wherein the trial justice instructed the jury substantially that, in determining whether or not this money was due, defendant's promise to pay at his "earliest convenience" would mean the next regular banking day. The defendant argues that the meaning thus given to those words was too narrow and limited. However, in confining his contention to this portion of the charge defendant fails to give any

effect to other related statements therein whereby the application of such expression was conditioned to the special facts of the case.

It is to be noted that the trial justice was then explaining the words used by defendant's own attorney in his letter of September 29, 1951 whereby defendant promised to pay the debt at his "earliest convenience." Moreover, he argues as if the trial justice used merely the word at defendant's "convenience." According to the authorities, broadly speaking the use of the words "convenient" or "payable when or as convenient" and the like might well connote a meaning of within a reasonable time. However, the words here used were at defendant's "*earliest* convenience." (italics ours)

If both words "earliest convenience" are given their ordinary meaning and are then considered with the charge as a whole, especially in connection with their application to the undisputed facts alluded to by the trial justice, we cannot say as a matter of law that the charge was confusing or prejudicially erroneous. In other words, taken as a whole the charge appears to have instructed the jury to the effect that the indebtedness, if found to be as referred to in the letter, was payable within the earliest reasonable convenience consistent with the existing circumstances and special facts of the case.

Among the facts adverted to by the trial justice to aid in applying such expression were the undisputed evidence showing that the instant action was not started until almost three months after the letter of September 29, 1951, the admitted testimony that defendant had opportunity to pay $4,000 from the sale of his insurance business, apparently in substantial conformity to the promise in such letter, and the undenied testimony that he also had sold a part of the land which was developed by this loan without making any further payments as indicated in the letter.

Since the earliest reasonable convenience consistent with the undisputed facts and the theory on which the case was

tried unquestionably had passed before the action was brought, it is difficult to see how defendant was prejudiced. Moreover, if he felt that there should have been a further clarification of those words he made no such request at the trial. This exception is therefore overruled.

The defendant's remaining exception is to the refusal of the trial justice to grant his motion for a new trial which was based on the usual grounds. He has argued that the verdict of the jury is excessive, because it did not take into account or give him credit for the fact that a parcel of the land being developed, upon which was a small house, their total value being about $5,000, stood in the names of both parties. At the instance of plaintiff's attorney this issue was expressly excluded by the trial justice and therefore any rights of the defendant as to such property were not herein litigated. It is our opinion that on the record before us defendant is not entitled to raise that question. On a motion for a new trial he may not argue in effect that a part of the charge relating to the amount of damages was erroneous, where he did not except thereto.

The charge of the trial justice, to which no exception was taken, is as follows: "In this case the defendant admits by his attorney that the sum of $12,287.76 was advanced by the plaintiff to the defendant and I charge you that that transaction, that original transaction was a loan transaction and that as a result of that transaction the defendant was liable for it, at some future time which I will discuss later, to repay that money. The plaintiff admits he received the sum of $4,000.00 in part payment and therefore, his demand is properly reduced to $8,287.76 and at this time I want to mention to you the interest question. If you do find for the plaintiff in this case, then your verdict should be for the amount of his demand, $8,287.76 — the amount is not disputed — plus interest from the date of the writ to date, which counsel for both sides agree amounts to $411.00; so,

if you do find for the plaintiff, he is entitled to your verdict for $8,698.76."

In the circumstances, therefore, that part of the charge became the law of this case. Its effect was to instruct the jury that if they should find for the plaintiff their verdict was to be in the sum of $8,698.76. The jury followed this instruction. The other grounds of defendant's motion for a new trial are governed by the usual rule applicable in such circumstances. The trial justice has seen and heard the witnesses testify, an advantage which we do not have. Upon consideration we find nothing to indicate that in deciding the motion he misconceived the evidence and we cannot say that his decision was clearly wrong. This exception is therefore overruled.

All of the defendant's exceptions are overruled, the plaintiff's exception is also overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Cappuccio & Cappuccio, Frank S. Cappuccio,* for plaintiff.

*M. Walter Flynn,* for defendant.