Kenneth R. HALPERN et al.

v.

Jacob PICK et al.

No. 83–494–Appeal.

Supreme Court of Rhode Island.

March 12, 1987.

Arthur E. Chatfield, III, Julius C. Michaelson, Abedon Michaelson Stanzler & Biener, Providence, for plaintiffs.

Shayle Robinson, Robinson & Mascia, Cranston, for defendants.

## OPINION

MURRAY, Justice.

This is an action by the plaintiff, Selma H. Halpern,[1] to recover title to real estate which she claims she was fraudulently induced into transferring to defendant Jacob Pick. The Superior Court rendered a jury verdict in favor of the defendants, finding that the plaintiff failed to prove by clear and convincing evidence that Mr. Pick procured the execution of the deed by fraud and misrepresentation. The plaintiff appeals from this judgment.

The property in issue involves a house located at 386 Morris Avenue, Providence, Rhode Island. Selma Halpern was deeded title to the property on February 13, 1964, and has resided there ever since. Her husband, Kenneth R. Halpern, also lived in the house until he died on April 1, 1978.

On April 18, 1972, the Halperns executed a warranty deed purporting to convey title to the house to Jacob Pick. The deed was executed in the office of Mr. Pick's attorney, Domenic Tudino, and was notarized by his secretary, Linda Saul. Only the Halperns and Linda Saul were present during the execution. The deed was later recorded with the words "No stamps required" handwritten on it. There is no evidence indicating who wrote the words or who recorded the deed.

At trial Mrs. Halpern testified that her husband told her that they were executing the deed in favor of Jacob Pick merely to provide him with "collateral" for moneys

---

1. This action was commenced by plaintiffs, Kenneth R. Halpern and Selma H. Halpern, husband and wife. Kenneth died in 1978. His estate is not joined in the action. Therefore, we address the following remarks to Selma Halpern.

he lent to the Halperns to prevent foreclosure of their mortgage. Mrs. Halpern further testified that her husband assured her that Jacob Pick would reconvey the deed to them as soon as he was repaid. In addition, she claimed that Mr. Halpern told her that the terms of the loan would be memorialized in a written agreement. Apparently no written agreement, excluding the deed, was ever executed.

On October 11, 1972, Jacob Pick deeded the house to his father, defendant Haskell Pick. He then commenced a trespass and ejectment action against the Halperns. As a result, the Halperns commenced an action for fraudulent misrepresentation against defendants to recover title to the house.

■ The plaintiff raises several issues on appeal. The first is whether the trial justice erred in failing to admit into evidence a letter from defendants' attorney, Shayle Robinson, to plaintiff's attorney. The letter provides in pertinent part as follows:

"Since this entire transaction came about in order to give him [Jacob Pick] security for funds he had paid out on behalf of your clients [Kenneth and Selma Halpern], we believe the sum of $6,000.00 would constitute a fair and equitable settlement."

The plaintiff moved in limine to admit the letter into evidence on the grounds that it constituted an admission by Jacob Pick made through his attorney. The trial justice withheld ruling on the motion, stating that "[e]ither [the letter] gets in under the rules of evidence or it doesn't." During the trial plaintiff never attempted to admit the letter into evidence.

On appeal plaintiff claims that she did not introduce the letter into evidence because to do so would have required calling defendants' counsel, Shayle Robinson, to the witness stand. The plaintiff feared that calling Attorney Robinson to testify would have resulted in a mistrial because the Code of Professional Responsibility forbids an attorney from acting in the dual capacities of counsel and witness in the same case except under certain circumstances. *Judge v. Janicki,* 118 R.I. 378, 385–86, 374 A.2d 547, 550–51 (1977).

Although we agree that admission of the letter into evidence while Attorney Robinson was serving as defendants' counsel may ultimately have resulted in a mistrial, we believe that it was incumbent upon plaintiff to seek its admission. The trial justice did not bar admission of the letter, he merely stipulated that its admission, as with all evidence, must comport with the rules recognized by this court for the admission of evidence. Although it appears that case law lends support for admission of the letter,[2] plaintiff's failure to introduce it into evidence bars our further consideration of the issue.

■ The plaintiff next argues that the phrase "No stamps required," which appeared on the recorded deed, conclusively proves that no sale of the property ever took place. We disagree. Although the phrase indicates that no taxes may have been paid on the transaction, we do not believe that it conclusively indicates the nature of the transaction. It may, however, as in this case, be considered by the trier of fact with all the other evidence. Therefore, we cannot say that the trial court erred in failing to consider the phrase as conclusive of the nature of the transaction.

For the reasons stated, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court for further proceedings.

---

2. *See Visgilio v. Schoof,* 82 R.I. 4, 7, 105 A.2d 470, 471 (1954) (admitting into evidence offer of compromise containing admission of party defendant).